KIBLER FOWLER & CAVE LLP
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Tracy B. Rane (SBN 192959)
trane@kfc.law
Regina Michelle Campbell (SBN 355919)
mmatthews@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:  (310) 409-0400
Facsimile:  (310) 409-0401

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPHERES MUSIC, LLC, a California limited liability company.<br>        Plaintiff,<br><br>v.<br><br>JOHN MURPHY, an individual; MOLLY MURPHY, an individual; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; WATERTOWER MUSIC GROUP LLC, a Missouri limited liability company;<br><br>and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. 2:25-cv-12197<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT; and**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** |

Plaintiff, by and through its attorneys of record, demanding trial by jury, complains and alleges as follows:

## Introduction

1. This is an action for copyright infringement, in violation of 17 U.S.C. §§ 101, *et seq.*, arising from Defendants' unauthorized reproduction, distribution and/or public performance of Plaintiff's copyrighted composition entitled "March of the Ants."

2. In July 2025, Defendant Warner Bros. Entertainment, Inc. ("Warner Bros.") released and distributed the blockbuster film *Superman* (2025), in which the composition "LutherCorp" (as well as derivative variations and reprises of the composition) is prominently featured—a composition that is substantially similar to "March of the Ants." Subsequently, Defendant WaterTower Music Group LLC ("WaterTower") released the soundtrack album for *Superman*, which also contains the infringing composition. Among other things, "LutherCorp" copies original expression from "March of the Ants," because there are numerous substantial similarities between the harmonies, rhythms, and melodies of the two works. However, instead of crediting and paying Plaintiff for the obvious use of its work, Defendants John Murphy and Molly Murphy are credited as the sole writers of the "LutherCorp" composition.

3. Plaintiff therefore brings this action for direct and contributory copyright infringement against Defendants pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and seeks to enjoin Defendants from further exploiting the infringing work and to recover damages.

## The Parties

4. Plaintiff Spheres Music, LLC is, and at all relevant times was, a limited liability company formed and existing under the laws of the state of California, with its principal place of business in Los Angeles, California.

5. Plaintiff is informed and believes and, upon such, alleges that

Defendant John Murphy is, and at all relevant times was, an individual who resides in Los Angeles, California.

6. Plaintiff is informed and believes and, upon such, alleges that Defendant Molly Murphy is, and at all relevant times was, an individual who resides in Los Angeles, California.

7. Plaintiff is informed and believes and, upon such, alleges that Defendant Warner Bros. Entertainment Inc. is, and at all relevant times was, a corporation formed and existing under the laws of the state of Delaware, with its principal place of business in Burbank, California. Plaintiff is informed and believes and, upon such, alleges that D.C. Studios is a division of Warner Bros. responsible for producing *Superman* and the infringing composition contained therein.

8. Plaintiff is informed and believes and, upon such, alleges that Defendant WaterTower Music Group LLC is, and at all relevant times was, a limited liability corporation formed and existing under the laws of the state of Missouri, with its principal place of business in St. Louis, Missouri.

9. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

### Jurisdiction and Venue

10. This Court has jurisdiction over Plaintiff's copyright infringement claims under 28 U.S.C §§ 1331 and 1338, and 17 U.S.C. § 501(a).

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and 2 U.S.C. § 1400(a) in that acts of infringement complained of herein occurred in this Judicial District, injuries suffered by Plaintiff took place in this Judicial District, and

Plaintiff's agent may be found in this Judicial District.

12. Defendants are subject to the general and/or specific personal jurisdiction of this Court because they are domiciled in California, maintain their principal place(s) of business in California, and/or because of their contacts with the state of California.

13. At all times herein mentioned, all Defendants were the agents and/or co-conspirators of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as those agents and/or co-conspirators and with the permission and consent of their co-defendants. Each Defendant knew or should have known that the other Defendants' acts would occur in California.

## Factual Background

### Wendler Creates the Original Composition, "March of the Ants"

14. Edwin Wendler is a hardworking and talented film composer whose original works have been commissioned for numerous films and television series.

15. Wendler has accumulated substantial music and arranging credits on studio features and series, and his livelihood and professional reputation depend on the recognition and protection of his original musical works.

16. Approximately nine years ago, Wendler was hired to compose the original score of the feature film, *Dead Ant* (2019), written and directed by Ron Carlson.

17. Wendler composed the original work, "March of the Ants," and fully arranged the work on his own.

18. In 2016, Wendler executed a composition agreement pursuant to which he assigned to Plaintiff twenty-five percent (25%) of all right, title, and interest in and to the copyright in the score for the film Dead Ant, including, without limitation, the composition "March of the Ants."

19. Plaintiff registered the Dead Ant (Original Motion Picture Score)

1  album, including "March of the Ants," with the U.S. Copyright Office on December
2  16, 2025. (Reg. No. PA 2-557-390.)
3      20.   "March of the Ants" was accepted and synchronized in *Dead Ant*
4  (2019) and was thereafter publicly released commercially by Notefornote Music on
5  digital platforms and compact disc, crediting Wendler as the composer.

### Defendants' Infringing Work

7      21.   On or about July 11, 2025, Warner Bros. released the motion picture
8  *Superman* (2025), which contains the infringing composition "LutherCorp." The
9  infringing composition is performed in the motion picture as the main villain's
10 theme music.
11     22.   On or about July 4, 2025 Defendant WaterTower released the
12 *Superman* soundtrack, which also contains the infringing composition
13 "LutherCorp."
14     23.   Defendants' infringing work and Plaintiff's original work share
15 substantial, protectable similarities that are plainly the product of copying.
16 Defendants' "LutherCorp" has the same overall structure of Plaintiff's "March of
17 the Ants," building in a measured, stepwise crescendo from the lowest register to a
18 thicker texture with the introduction of long-note melodic tones. The works use the
19 same key and meter, follow the same pacing, have the same structure of the build,
20 and share the same menacing-but-restrained affect. The works also exhibit a
21 strikingly similar rhythmic DNA, harmony, use of instruments and melody.
22     24.   An ordinary listener would perceive that Defendants' "LutherCorp"
23 copies Plaintiff's "March of the Ants."

### First Cause of Action

### Copyright Infringement

**(Against Defendants John Murphy, Molly Murphy, Warner Bros, WaterTower Music, and Does 1-10)**

27     25.   Plaintiff incorporates by reference the preceding allegations as though

set forth fully herein.

26. Plaintiff owns the copyrighted musical work titled "March of the Ants," an original work of authorship fixed in a tangible medium of expression, which is copyrightable subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and the laws of the United States governing copyrights. Plaintiff registered "March of the Ants" with the copyright office on December 16, 2025. (Reg. No. PA 2-557-390.)

27. Plaintiff is informed and believes and, upon such, alleges that Defendants had access to "March of the Ants" no later than 2019, through its commercial release and wide availability on digital platforms.

28. Defendants have not obtained any license to use "March of the Ants," whether in the track "LutherCorp," in the *Superman* film, soundtrack, or otherwise.

29. By creating, reproducing, adapting, distributing, performing, and/or authorizing the use of "LutherCorp," Defendants copied protected elements of "March of the Ants," thereby infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. As such, Defendants have directly infringed and are continuing to directly infringe Plaintiff's exclusive rights, including but not limited to Plaintiff's exclusive rights to reproduce, prepare derivative works, distribute, and perform "March of the Ants."

31. As an actual and proximate result of Defendants' copyright infringement, as described herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

32. On information and belief, Defendants' copyright infringement was knowing and willful.

33. Unless Defendants are restrained from further infringing Plaintiff's exclusive rights, Plaintiff will suffer irreparable injury without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing

Plaintiff's copyright and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyright.

## Second Cause of Action

## Contributory Copyright Infringement

### *(Against Defendant Warner Bros. and Does 1-10)*

34. Plaintiff incorporates by reference the preceding allegations as though set forth fully herein.

35. Defendants John Murphy and Molly Murphy directly infringed Plaintiff's copyright by copying protected elements of "March of the Ants" in "LutherCorp" used in the *Superman* film and soundtrack, thereby violating Plaintiff's exclusive rights under 17 U.S.C. § 106.

36. Plaintiff is informed and believes and, upon such, alleges that Defendant Warner Bros. knew or had reason to know of the infringing activity by John Murphy and Molly Murphy. As producing entities responsible for the film's score and music uses, they implemented or should have implemented music review, editorial, and clearance processes that would reveal substantial similarity and risk of infringement between "LutherCorp" and "March of the Ants." Plaintiff is informed and believes and, upon such, alleges that director and producer-level review and approval occurred for "LutherCorp," further evidencing knowledge or reason to know of the composition's provenance and similarity.

37. Plaintiff is informed and believes and, upon such, alleges that Warner Bros. induced, caused, and/or materially contributed to the infringement by:

   a. Commissioning and engaging John Murphy and Molly Murphy to compose music for *Superman*, including "LutherCorp," within the course and scope of their engagement for the film;

   b. Supervising and directing the creation, recording, editing, and integration of "LutherCorp" into the film's soundtrack and final cut;

   c. Approving the inclusion of "LutherCorp" in the released film

and associated soundtrack; and

    d.    Distributing, marketing, and exploiting the film and soundtrack containing "LutherCorp," thereby materially facilitating the infringement.

38.    Plaintiff is informed and believes and, upon such, alleges that Warner Bros. exercised end-to-end authority over the score and music uses for *Superman*, including the ability to accept or reject specific compositions and cues, and that "LutherCorp" was reviewed and approved within that producer-controlled chain. Plaintiff is informed and believes and, upon such, alleges that Warner Bros. exercised oversight and control over John Murphy and Molly Murphy and benefited from the exploitation and distribution of the *Superman* film and soundtrack.

39.    By knowingly inducing, causing, or materially contributing to the infringing conduct of John Murphy and Molly Murphy, Warner Bros. is liable for contributory copyright infringement.

40.    As a direct and proximate result of the contributory infringement, Plaintiff has suffered damages in an amount to be proven at trial and is entitled to all remedies available under the Copyright Act.

## Prayer For Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For permanent injunctive relief enjoining Defendants, their officers, agents, servants, employees, representatives, attorneys, and all persons acting in concert or participation with them, from copying, reproducing, adapting, distributing, performing, displaying, marketing, promoting, or otherwise exploiting any work that infringes, contributes to infringement of, or is derived from Plaintiff's copyrighted work "March of the Ants," including the track "LutherCorp," in the *Superman* film and any soundtrack, album, compilation, promotional material, or ancillary media.

2.    For preliminary injunctive relief during the pendency of this action to prevent further infringement and to preserve the status quo, including removal of

infringing content from current and future exploitations and platforms.

3. For actual damages suffered by Plaintiff as a result of Defendants' infringement.

4. In the alternative to actual damages and profits, for statutory damages, including enhanced damages for willful infringement, in an amount to be determined at trial.

5. For pre-judgment interest on all monetary awards, calculated from the earliest date of infringement or other applicable accrual date, and for post-judgment interest until paid.

6. For Plaintiff's costs of suit, including reasonable attorneys' fees.

7. For such other and further legal, equitable, or declaratory relief as the Court deems just and proper, including orders necessary to effectuate the foregoing relief and to prevent further infringement.

Dated:  December 23, 2025          KIBLER FOWLER & CAVE LLP

By: _____
MATTHEW J. CAVE
TRACY B. RANE
REGINA MICHELLE CAMPBELL
Attorneys for Plaintiff