UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SPHERES MUSIC, LLC, a California limited liability company.

Plaintiff,

v.

JOHN MURPHY, an individual; MOLLY MURPHY, an individual; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; WATERTOWER MUSIC GROUP LLC, a Missouri limited liability company;

and DOES 1-10, inclusive,

Defendant.

CASE NO. 2:25-cv-12197-CV-SSC

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**[1]

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Stephanie S. Christensen's Procedures as of 24 July 2023.

## 1. INTRODUCTION

1.1 Purposes and Limitations. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2 Good Cause Statement.

This Action is likely to involve highly sensitive and valuable commercial, financial, technical, strategic, personal, and/or other confidential or proprietary information, as well as potentially trade secrets, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. The Action is likely to involve confidential financial and commercial information, including production budgets, music budgets, compensation and fee arrangements, royalty and licensing terms, revenue and profit data, and confidential agreements with composers, artists, and third parties, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. The Action is further likely to involve non-public creative work product, information regarding creative and compositional decisions, and internal communications among composers, studios, and production personnel—all of which is closely guarded within the film and music industries and not disclosed outside the production. Such confidential and proprietary materials and information may include, among other things, confidential business or financial information, confidential business

communications, information regarding confidential and proprietary business practices and creative processes, or other confidential commercial information (including information implicating privacy rights of third parties and/or subject to contractual confidentiality obligations), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. These materials are not publicly available and are maintained in confidence in the ordinary course of business. The disclosure of such information outside the confines of this Action could result in competitive harm, impairment of business relationships, invasion of privacy interests, or violation of existing confidentiality agreements.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3 Acknowledgment of Procedure for Filing Under Seal. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public

viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 Action: *Spheres Music, LLC v. John Murphy, Molly Murphy, Warner Bros. Entertainment Inc., and WaterTower Music Group LLC*, No. 2:25-cv-12197-CV-SSC (C.D. Cal.).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 Final Disposition: the later of (1) dismissal of all claims and defenses

in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such Information or Items may include, without limitation, confidential financial and/or budget information, trade secrets, non-public creative work product, or other highly sensitive research, development, technical, financial, or commercial information.

2.10 <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action or any of its parents, subsidiaries, or affiliates and contract attorneys, secondees, and other attorneys or legal professionals working under the supervision or direction of attorneys who are employees of a Party to this Action or any of its parents, subsidiaries, or affiliates. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, other than WaterTower.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13 <u>Party</u>: WaterTower or any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

Discovery Material in this Action.

2.15 Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 WaterTower: New Line Productions, Inc. doing business as WaterTower Music (erroneously sued as WaterTower Music Group LLC).

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 4. TRIAL AND DURATION

The terms of this Stipulated Protective Order apply through Final Disposition of the Action. **Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or maintained pursuant to this Stipulated Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling**

**reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to twenty-one (21) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by means of a statement at the beginning or conclusion of each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION." If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion and specify the level of protection being asserted for each protected portion.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion.

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or discloses any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item without marking it with an appropriate legend, the Producing Party or a Designating Party that discovers the inadvertent failure to designate shall promptly notify the Receiving Party that the information or item should be treated in accordance with the terms of this Order, and forward a substitute copy of the information or item stamped with an appropriate legend. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require, to the extent reasonably practicable, a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation. In addition, within five (5) days of the receipt of the substitute copy, the Receiving Party shall return the previously unmarked items and all copies thereof or confirm that they have been destroyed or, if electronically stored information, permanently deleted.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and Section 2.d. of Judge Christensen's Civil Procedures titled "Informal Discovery Conference."[2]

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

---

[2] Judge Christensen's Procedures are available at https://apps.cacd.uscourts.gov/Jps/honorable-stephanie-s-christensen.

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for this Action;

(c) to the officers, directors, and employees of the Receiving Party or any of its parents, subsidiaries, or affiliates to whom disclosure is reasonably necessary for this Action;

(d) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) to the court and its personnel;

(f) to court reporters, videographers, and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, to witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by all of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A).

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) for each Receiving Party, designated In-House Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which include at least Adam Phillips and Ari Taitz for Warner Bros Entertainment Inc. and WaterTower, as well as later-designated In-House Counsel (i.e., those not named herein) (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (iii) to whom the procedures set forth in Section 7.4(a), below, have been followed.

(c) to Experts of the Receiving Party (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in Section 7.4(b)-(d), below, have been followed;

(d) to the court and its personnel;

(e) to court reporters, videographers, and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) to professional jury or trial consultants and Professional Vendors retained by Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by all of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts and In-House Counsel.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, and except for the In-House Counsel already designated in Section 7.3(b), a Receiving Party that seeks to designate additional House Counsel to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items pursuant to Section 7.3(b) first must make a written request to the Designating Party that includes the full name and title of the additional In-House Counsel. Within three (3) business days following such written request, the Parties receiving such request will advise in writing whether they object to that In-House Counsel's receipt of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" information or items and set forth in detail the basis for the objection, if any. Within two (2) business days of the Receiving Party's receipt of an objection, the Parties shall hold a telephone conference to determine whether they can agree on terms relating to whether and how the Receiving Party can disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and items to the In-House Counsel. If the Parties are still in disagreement regarding the matter, the Parties shall comply with Section 2.d. of Judge Christensen's Civil Procedures titled "Informal Discovery Conference." In any such proceeding, the Designating Party that objects to the disclosure shall bear the burden of proving that the risk of

harm that disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the In-House Counsel in question.

(b) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(c) first must make a written request to the Designating Party that (i) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, and (iv) identifies the Expert's current employer(s).

(c) A Party that makes a request and provides the information specified in the preceding subsection (b) may disclose the subject Protected Material to the identified Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection. If no agreement is reached, the Parties shall comply with Section 2.d. of Judge Christensen's Civil Procedures titled "Informal Discovery Conference." In any such proceeding, the Designating Party that objects to the disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

9.1 Application. The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3 Conditions of Production. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Protected Material. A Party that seeks to file in this Action any Protected Material must either obtain written permission from the Designating Party or seek leave of Court to file the Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 Use of Artificial Intelligence Tools.

(a) Definition. As used in this Order, "AI Tool" means any third-party or externally hosted software, platform, system, application, model, or service, including any generative, analytical, or large language model-based tool, that uses artificial intelligence, machine learning, or similar techniques to generate, analyze, summarize, translate, classify, or otherwise process content or data submitted to it.

(b) General Prohibition. No Party, no Receiving Party, and no person to whom Protected Material is disclosed under Sections 7.2 or 7.3 shall input, upload, submit, transmit, or otherwise provide any Protected Material, or any information copied or extracted from Protected Material, to or into any AI Tool, except as expressly permitted by Section 12.4(c).

(c) Permitted Use of Qualifying AI Tools. A Receiving Party may input Protected Material into an AI Tool only if, at the time of such use, the provider of the AI Tool is contractually bound, under terms enforceable by the Receiving Party and applicable to its account or use, to each of the following:

i. not to store, retain, use, or incorporate any input, prompt, upload, or output to train, fine-tune, develop, or otherwise improve any model, product, or service;

ii. to use any input or output solely to provide the requested

service to the Receiving Party in connection with this Action, and for no other purpose;

iii. not to disclose any input or output to any third party, except (i) where disclosure is essential to delivery of the service, in which case the third party must be bound by obligations no less protective than those required by this Order, or (ii) as required by law;

iv. to maintain data-security and confidentiality safeguards no less protective than those required by this Order; and

v. to permanently delete or remove all Protected Material, together with all inputs and outputs derived from Protected Material, upon the Receiving Party's request.

(d) Prohibited Tools. Notwithstanding Section 12.4(c), in no event may any Protected Material be input into any free, public, personal, or consumer-tier AI Tool, regardless of any representation, account setting, or opt-out the provider may offer.

(e) Documentation and Verification. A Receiving Party that uses or intends to use an AI Tool under Section 12.4(c) shall retain written documentation of the contractual protections on which it relies and shall produce that documentation to the Designating Party within five (5) business days of a written request. The Receiving Party bears the burden of establishing that an AI Tool satisfies Section 12.4(c). A Designating Party may challenge whether an AI Tool qualifies through the meet-and-confer and dispute-resolution procedure set forth in Section 6.2; pending resolution of any such challenge, the Receiving Party shall not input that Designating Party's Protected Material into the challenged AI Tool.

## 13. FINAL DISPOSITION

After the Final Disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must

return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14. VIOLATION**

Any violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 17, 2026

KIBLER FOWLER & CAVE LLP

By: /s/ Matthew J. Cave
Matthew J. Cave
Tracy B. Rane
Regina Michelle Campbell
Attorneys for Plaintiff Spheres Music, LLC

Dated: July17, 2026

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Joshua M. Geller
Aaron J. Moss
Joshua M. Geller
Andrew F. Nietes
Attorneys for Defendants Warner Bros. Entertainment Inc. and New Line Productions, Inc. dba WaterTower Music, erroneously sued as WaterTower Music Group LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 20, 2026

Honorable Stephanie S. Christensen
United States Magistrate Judge

# ATTESTATION

Pursuant to L.R. 5-4.3.4, the submitting attorney hereby attests that all signatories listed concur in the filing's content and have authorized the filing.

Dated: July 17, 2026

By: /s/ Joshua M. Geller
Joshua M. Geller

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _________________________ **[print or type full name]**, of _________________ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of *Spheres Music, LLC v. John Murphy, Molly Murphy, Warner Bros. Entertainment Inc., and WaterTower Music Group LLC*, No. 2:25-cv-12197-CV-SSC (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _________________________ **[print or type full name]** of _________ **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________________________

City and State where sworn and signed: __________________________________

Printed Name: ______________________________

Signature: _________________________________